UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael I. Tate *a/k/a* Michael M. Johnson, | Civil File No. 15-CV-03115 (ADM/JJK) |
| Plaintiff, | |
| vs. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS MINNESOTA DEPARTMENT OF CORRECTIONS, MINNESOTA CORRECTIONAL FACILITY-MOOSE LAKE, WARDEN BECKY DOOLEY, JOE ASPERHEIM, AND JULIE NUMMELA** |
| Minnesota Department of Corrections, et al., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff Michael I. Tate *a/k/a* Michael M. Johnson filed his amended complaint in the present action against the Minnesota Department of Corrections (DOC), Minnesota Correctional Facility-Moose Lake (MCF-Moose Lake),[1] Warden Becky Dooley, Joe Asperheim,[2] Julie Nummela, Dr. William Scheidt, and Nurse Shantel Erickson. Tate alleges that Asperheim and Nummela's negligence contributed to his alleged fall at MCF-Moose Lake, and challenges the subsequent medical care he received at Kanabec County

---

[1] The DOC and MCF-Moose Lake note that neither was effectively served with process as required by Fed. R. Civ. P. 4(j) and Minn. R. Civ. P. 4.03(d), which the federal rule incorporates by reference, because the Summons and Complaint have not been served on the Minnesota Attorney General's Office. Because the Eleventh Amendment clearly bars Tate's claims against the DOC and MCF-Moose Lake, and in the interest of preserving judicial resources, the DOC and MCF-Moose Lake are not moving to dismiss based on insufficient service of process. In the future, the DOC and MCF-Moose Lake reserve the right to require proper service before appearing in court proceedings.

[2] Tate referred to this defendant as Joe (last name unknown), a correctional officer at MCF-Moose Lake.

Jail. Defendants DOC, MCF-Moose Lake, Dooley, Asperheim, and Nummela move to dismiss all claims against them. The Eleventh Amendment bars Tate's claims against the DOC and MCF-Moose Lake. To the extent that this suit seeks damages from the individual DOC defendants in their official capacities, it is barred by the Eleventh Amendment. Dooley, Asperheim, and Nummela do not have the ability to implement Tate's requested injunctive relief. Further, Tate failed to allege that Dooley had any personal involvement in his case. Finally, to the extent Tate alleged individual capacity claims against Asperheim and Nummela, the Court should decline to exercise its supplemental jurisdiction over Tate's remaining state law claims against them.

## FACTS

Michael I. Tate *a/k/a* Michael M. Johnson is an inmate in the custody of the DOC. Am. Compl. Before May 21, 2015, the DOC housed Tate at MCF-Moose Lake. *Id.* On or about May 21, 2015, Tate's placement changed to the Kanabec County Jail in Mora, Minnesota.[3] Am. Compl. Dooley is the MCF-Moose Lake warden. *Id.* Asperheim and Nummela are correctional officers at MCF-Moose Lake. *Id.* Dr. Scheidt and Nurse Erickson provided healthcare services to Tate at the Kanabec County Jail. *Id.*

Tate's complaint alleged that (1) Asperheim and Nummela refused to complete a work order to fix the safety bar on Tate's top bunk, which contributed to Tate's fall from the top bunk; (2) Dr. Scheidt and Nurse Erickson did not provide satisfactory care for Tate's pain; and (3) the DOC denied his request to have an orthopedic consult. *Id.* In

---

[3] By letter filed December 3, 2015, Tate notified the Court that his current address is now at the Mille Lacs County Jail in Milaca, Minnesota. *See* Notice, Docket no. 17.

lieu of an answer, the DOC, MCF-Moose Lake, Dooley, Asperheim, and Nummela bring this motion to dismiss all claims against them.

## ARGUMENT

I. **STANDARD OF REVIEW FOR A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all factual allegations and view them in the light most favorable to the plaintiff. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). The court must grant the motion when the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In addition, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

II. **THE ELEVENTH AMENDMENT BARS TATE'S CLAIMS AGAINST THE DOC AND MCF-MOOSE LAKE, AND TATE'S OFFICIAL CAPACITY CLAIMS.**

Tate requested a court order for medical attention and money damages. The Eleventh Amendment bars all claims against the DOC, a state agency, and MCF-Moose Lake, a state facility. In addition, Tate sued Dooley, Asperheim, and Nummela only in

their official capacities.[4] *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) (holding that, when complaint is silent as to capacity, complaint includes only official capacity claims); *see also Murphy v. Arkansas*, 127 F.3d 750, 754-55 (8th Cir. 1997) (requiring strict enforcement of pleading requirements for suing government employees in their individual capacities); *Johnson v. Outbound Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (same). Tate's official capacity claims are barred because the Eleventh Amendment prohibits official capacity claims for damages, and claims for prospective injunctive relief against state employees not empowered to implement the requested relief. Even if the Eleventh Amendment did not bar such claims, Tate could not maintain the claims against the state and state employees in their official capacities under Section 1983.

  A. **The Eleventh Amendment Bars All Claims Against The DOC and MCF-Moose Lake.**

The Eleventh Amendment provides each state with complete immunity from a suit in federal court by its own citizens. *Skelton v. Henry*, 390 F.3d 614, 617 (8th Cir. 2004) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)); *see also Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). If the "State or one of its agencies or department is named as the defendant," the Eleventh Amendment bars the suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). When the Eleventh Amendment bars an action, a federal court must dismiss it. *Seminole Tribe of Fl. v. Florida*, 517 U.S. 44,

---

[4] Even if Tate included individual capacity claims, dismissal would be appropriate as discussed in sections III-V, *infra*.

64-65, 73 (1996). Congress has not abrogated immunity to section 1983 claims, and Minnesota has not consented to suit. Accordingly, the Eleventh Amendment bars Tate's claims brought against the DOC and MCF-Moose Lake, and the Court must dismiss all claims against the DOC and MCF-Moose Lake.

> **B. The Eleventh Amendment Bars Any Official Capacity Claims For Damages Against Dooley, Asperheim, and Nummela.**

The Eleventh Amendment bar applies with equal force to damage claims against state officials sued in their official capacities in court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100; *Edelman*, 415 U.S. at 662-63. A federal court must dismiss an action barred by the Eleventh Amendment. *Seminole Tribe of Fl.*, 517 U.S. at 64-65, 73.

Because Minnesota has not waived its Eleventh Amendment immunity, the individual DOC defendants are immune from all official capacity claims for damages. Thus, the Court must dismiss Tate's claims for damages against Dooley, Asperheim, and Nummela in their official capacities.

> **C. Tate Cannot Maintain A Section 1983 Cause of Action Against A State Agency, A State Facility, And State Officers Acting In Their Official Capacities.**

Even if the Eleventh Amendment did not bar Tate's claims for damages, Tate cannot maintain a Section 1983 claim[5] for damages against the state or state employees acting in their official capacities. Section 1983 provides in pertinent part:

---

[5] Though Tate does not expressly mention Section 1983, he cites a case addressing constitutional claims in his civil cover sheet.

> Every *person* who, under color of any statute, ordinance, regulation, custom or usage, or any State or Territory, subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added).  It is well settled that a state is not a person for purposes of a Section 1983 damages claim.  *Will* , 491 U.S. at 71 (affirming dismissal of state court Section 1983 action against state agency); *see also Hafer v. Melo*, 502 U.S. 21, 27-28 (1991).  A claim against a government employee in his or her official capacity is a claim against the state.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  A plaintiff cannot maintain damages claims against the state for alleged violations of the federal constitution because Section 1983 only permits claims against a "person." 42 U.S.C. § 1983 (2006).  To the extent Tate raised a Section 1983 claim against any DOC defendant, Tate cannot maintain a claim for damages under Section 1983 against the DOC, MCF-Moose Lake, Dooley in her official capacity, Asperheim in his official capacity, and Nummela in her official capacity.

      **D.**     **Tate's Request For Injunctive Relief Should Not Prevent The Court's Dismissal Of His Claims Against Dooley, Asperheim, And Nummela.**

In his request for relief, Tate asks the Court to order that he receive "the medical attention [he] need[s]."  Am. Compl. at Request for Relief.  Tate's factual allegations against Dooley, Asperheim, and Nummela do not concern his medical care.  Rather, he alleges he fell after Asperheim and Nummela failed to complete a work order.  While his amended complaint contains allegations regarding his medical care, those allegations

relate to the care he received at the Kanabec County Jail from Dr. Scheidt and Nurse Erickson. Thus, it appears that Tate has directed his request for injunctive relief at those defendants or the DOC generally,[6] and not at Dooley, Asperheim, and Nummela. Even if the Court finds that the request for injunctive relief is addressed to all defendants, it would be inappropriate for the Court to order Dooley, Asperheim, and Nummela to make decisions regarding Tate's medical care.

Additionally, the requested injunctive relief is not permitted against Dooley, Asperheim, and Nummela because these defendants do not have the ability to implement the relief. The Eleventh Amendment bars claims for declaratory relief in the absence of a continuing violation of federal law. *Green v. Mansour*, 474 U.S. 64, 73-74 (1985). When there is a continuing violation of federal law, federal courts may issue an injunction directing state officials to prospectively conform their practices to federal legal requirements. *Id*. at 68; *Millikin v. Bradley*, 433 U.S. 267, 289 (1977). This exception applies only to claims based on violations of federal law. It does not apply to claims based on violations of state law; such claims are completely barred, regardless of the form of relief requested. *Pennhurst*, 465 U.S. at 106.

A party seeking prospective injunctive relief regarding the enforcement of a policy that allegedly violates the federal constitution must seek relief from an official who actually has the ability to change or implement the policy. *See Ex Parte Young*, 209 U.S. 123, 156-57 (1908). Dooley, Asperheim, and Nummela work at MCF-Moose Lake. Tate

---

[6] Again, the Eleventh Amendment bars all claims against the DOC.

is no longer housed at MCF-Moose Lake, nor did the medical care at issue occur while he was housed at MCF-Moose Lake. Further, Tate did not allege that Dooley, Asperheim, and Nummela are involved in the DOC's medical decision-making. Thus, the individual DOC defendants do not have the ability to direct or implement Tate's medical care, and any claim for prospective injunctive relief against them must be dismissed.

### III. TATE'S CLAIMS AGAINST DOOLEY SHOULD BE DISMISSED BECAUSE DOOLEY HAD NO PERSONAL INVOLVEMENT IN HIS CASE.

Even if the Court finds that Tate has sued Dooley in her individual capacity, the Court should dismiss all individual capacity claims against her. Section 1983 imposes liability only on state officials who are directly and personally involved in depriving constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 376–77 (1976). Personal involvement of a named defendant is an essential element because the *respondeat-superior* doctrine does not apply to Section 1983 claims. *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 691–93 (1978). General responsibility for supervising prison operations is insufficient to establish the personal involvement necessary for individual liability. *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983). Supervisory liability requires "a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

A plaintiff must therefore "allege specific facts of personal involvement in, or direct responsibility for a deprivation of his constitutional rights." *Id.*; *see also Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993) (holding that inmate who fell off roof while working at prison failed to establish sufficient Section 1983 personal involvement by

prison director when evidence only showed that director had visited worksite and did not show that director had any additional involvement in or awareness of alleged events). Vague allegations against "defendants" without specifying who allegedly did what are insufficient to state a claim. *See Winters v. Jordan*, No. 2:09-cv-00522, 2011 WL 904155, *9 (E.D. Cal. Mar. 14, 2011) (holding that plaintiffs failed to establish personal involvement when they simply "lumped together" defendants).

While Tate named Dooley as a defendant, he did not mention her once in his statement of the claim, or allege that she was somehow involved in the work order for the bar on his bunk bed or in his medical care. Thus, Tate failed to allege sufficient personal involvement to state a claim for relief against Dooley.

### IV. TATE HAS NOT ALLEGED SUFFICIENTLY CULPABLE CONDUCT TO SUPPORT A CONSTITUTIONAL CLAIM AGAINST ASPERHEIM AND NUMMELA.

Generally, for most types of constitutional claims arising under Section 1983, conduct that is merely negligent does not create individual liability. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding that negligent conduct by state actors cannot form the basis for a claim under the Fourteenth Amendment); *Cnty of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (stating that negligent conduct does not support a substantive due process claim); *Popoalii v. Corr. Med. Serv.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that a prisoner must prove more than negligence to establish a violation of his Eighth Amendment rights); *Scheeler v. City of St. Cloud*, 402 F.3d 826, 830 (8th Cir. 2005) (holding that a plaintiff must prove intentional motivation to succeed on a First Amendment access to courts claim). Rather, to establish a constitutional

violation, a plaintiff must prove that the defendant acted intentionally or with deliberate indifference. *Popoalii*, 512 F.3d at 499; *Scheeler*, 402 F.3d at 830. Deliberate indifference requires a highly culpable state of mind approaching actual intent. *Choate*, 7 F.3d at 1374. In the context of an Eighth Amendment claim, to prove deliberate indifference, a plaintiff must establish that the defendants acted with a subjective recklessness of the kind required to prove a crime. *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). This is a high standard to meet and it requires conduct more egregious than gross negligence. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

Tate has not alleged that Asperheim or Nummela engaged in any intentional conduct or any conduct that could be characterized as deliberately indifferent. Rather, Tate alleges that Asperheim and Nummela refused to put in a work order to fix a safety bar on his top bunk, which caused him to fall. This allegation does not evidence intentional mistreatment or the kind of subjective recklessness necessary to prove a crime. While the DOC defendants do not concede that Asperheim and Nummela's conduct supports any claim for relief, Tate's allegations against Asperheim and Nummela are more similar to the kind used to support a negligence claim than a constitutional claim.[7] *See Daniels*, 474 U.S. at 332-33 (holding that inmate who slipped on pillow left on stairs by prison official alleged facts more akin to negligence than to a constitutional violation); *Choate*, 7 F.3d at 1376 (holding that evidence that defendants were negligent

---

[7] In the civil cover sheet, Tate indicated that this is a personal injury-medical malpractice suit, and also cited an Eighth Amendment case in the cause of action section.

in not taking greater safety precautions at inmate's worksite did not support finding a constitutional violation).

Because Tate has not alleged facts that support a claim that Asperheim and Nummela acted intentionally or with deliberate indifference, Tate's allegations do not establish a constitutional violation. To the extent Tate has alleged a constitutional claim against these defendants, the Court should dismiss his constitutional claims against Asperheim and Nummela for failure to state a claim upon which relief may be granted.

V. **THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER TATE'S STATE TORT CLAIM AGAINST ASPERHEIM AND NUMMELA.**

Tate appears to allege a negligence or personal injury claim against Asperheim and Nummela. The Court should decline to exercise supplemental jurisdiction over this state law claim if any federal claims against Asperheim and Nummela are dismissed.

Under 28 U.S.C. § 1367(c)(3), a federal district court may decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all federal claims over which it has original jurisdiction. "The district court is afforded broad discretion in determining whether to exercise supplemental jurisdiction." *Crest. Constr. II, Inc. v. Doe*, 660 F.2d 346, 359 (8th Cir. 2011). In determining whether to exercise supplemental jurisdiction, a district court considers judicial efficiency, convenience, and fairness to litigators. *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 221 (8th Cir. 1990).

The Court has routinely declined to exercise supplemental jurisdiction over a state law claim when all federal claims are dismissed. *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006); *Stokes v. Lokken*, 644 F.2d 779, 785 (8th Cir. 1981) ("[W]hen

11

federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims."), *overruled on other grounds by Pinter v. Dahl*, 486 U.S. 622 (1988); *Magee v. Hamline Univ.*, 1 F.Supp.3d 967, 977-78 (D. Minn. 2014) ("Courts should 'exercise judicial restraint and avoid state law issues wherever possible.'" (quoting *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000))). Generally, the Eighth Circuit has held that dismissing a state claim upon declining supplemental jurisdiction is fair "[i]f the claim giving original jurisdiction is dismissed early in the action, 'before any substantial preparation has gone into the dependent claims.'" *Gregoire v. Class*, 236 F.3d 413, 419 (8th Cir. 2000) (quoting 28 U.S.C. § 1367 cmt. at 835 (1993)).

Here, if the federal claims are dismissed, only a state tort claim against Asperheim and Nummela remains. The case is at an early stage of litigation. The parties have not devoted substantial time and energy to resolving any state law claim. Tate has an available state forum in which to resolve any state claims. The relevant factors point toward declining to exercise supplemental jurisdiction.

## CONCLUSION

For the foregoing reasons, pursuant to Fed. R. Civ. P. 12(b)(6), the Court should grant the DOC, MCF-Moose Lake, Dooley, Asperheim, and Nummela's motion to dismiss.

Dated:  December 21, 2015	Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

s/ **Rachel E. Bell**
Rachel Bell
Assistant Attorney General
Atty. Reg. No. 0395962

445 Minnesota Street, Suite 900
St. Paul, MN 55101-2127
Telephone:  (651) 757-1272
Fax:  (651) 297-4139
rachel.bell@ag.state.mn.us

ATTORNEY FOR THE MINNESOTA
DEPARTMENT OF CORRECTIONS,
MINNESOTA CORRECTIONAL
FACILITY-MOOSE LAKE, WARDEN
BECKY DOOLEY, JOE ASPERHEIM,
AND JULIE NUMMELA