UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael I. Tate a/k/a Michael M. Johnson,<br><br>Plaintiff,<br><br>v.<br><br>Minnesota Department of Corrections, Correctional Facility Moose Lake, Warden Becky Dooley, Joe Unknown Correctional Officer, Julie Nummela Correctional Officer, Dr. William Scheidt, and Nurse Shantel Erickson,<br><br>Defendants. | Case No. 15-cv-3115 (WMW/JSM)<br><br>**ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S SEPTEMBER 8, 2015 MOTION** |

This matter is before the Court on the April 1, 2016 Report and Recommendation ("R&R") of United States Magistrate Judge Jeffrey J. Keyes. The R&R recommends that this Court (1) deny the motion to dismiss brought by Defendants Dr. William Scheidt and Shantel Erickson; (2) grant the motion to dismiss brought by Defendants Minnesota Department of Corrections ("DOC"), Minnesota Correctional Facility at Moose Lake ("MCF-Moose Lake"), Becky Dooley, Joe Asperheim, and Julie Nummela (collectively, the "State Defendants"); (3) deny the two motions to stay brought by Plaintiff Michael I. Tate; and (4) deny Tate's motion for leave to amend the pleadings. Tate, Dr. Scheidt, and Erickson filed timely objections to the R&R. Also pending before the Court, but not addressed in the R&R, is Tate's September 8, 2015 motion to receive medical attention. (Dkt. 7.) For the reasons addressed herein, the Court adopts as modified the R&R and denies Tate's September 8, 2015 motion.

# BACKGROUND

Tate, who is incarcerated, commenced this action on July 23, 2015. On September 8, 2015, Tate filed an amended complaint ("Amended Complaint") that named defendants DOC, MCF-Moose Lake, Dooley (the MCF-Moose Lake warden), and Asperheim.[1] (Dkt. 5.)

In his Amended Complaint, Tate alleges that he fell from the top bunk of a prison bunk bed at MCF-Moose Lake because of a defective safety bar and that Asperheim and Nummela, who are correctional officers at MCF-Moose Lake, refused Tate's multiple requests to submit a work order to fix the safety bar. Tate also claims that he received improper medical care after he was transferred to Kanabec County Jail. Specifically, Tate alleges that he advised Dr. Scheidt and Erickson, a nurse, that he cannot take certain types of pain medication because of the respiratory side effects those medications cause him to experience. Tate contends that, in response to his concerns, both Dr. Scheidt and Erickson told him that they would order Aleve for him instead. But Tate asserts that, after he had taken what he thought was Aleve for 3 or 4 days, he learned that he had unwittingly been taking one of the medications that cause him to experience respiratory side effects. Tate also alleges that Dr. Scheidt attempted to examine him while wearing clothing soiled by an unidentified person's fresh blood. Finally, Tate contends that DOC did not approve his request to see an orthopedic specialist despite Dr. Scheidt's recommendation that he do so. Tate's Amended Complaint seeks $100,000 in damages

---

[1]   Although Tate named this defendant "Joe (last name unknown)" in his Amended Complaint, the State Defendants have identified him as Joe Asperheim, a correctional officer at MCF-Moose Lake.

for pain and suffering and an order directing Defendants to provide him medical care to address his pain.

Although Tate referred to Dr. Scheidt, Erickson, and Nummela in the Amended Complaint, Tate initially did not name these individuals as defendants. On October 21, 2015, Magistrate Judge Keyes granted Tate's motion to add these individuals as defendants and directed Tate to submit a properly completed United States Marshals Service Form USM-285 ("Form USM-285") for each named defendant on or before November 21, 2015. Tate complied, and summonses were issued for the individual defendants, including Dr. Scheidt and Erickson. The United States Marshals Service returned all of the summonses as executed and attested that the summonses for Dr. Scheidt and Erickson had been personally served on Chief Deputy Kevin Braiedy at the Kanabec County Jail on November 18, 2015.

Dr. Scheidt and Erickson moved to dismiss Tate's claims against them for insufficient service of process. (Dkt. 19.) Both asserted that they had not been personally served because they were not at work on November 18, and they had not authorized anyone to accept service on their behalf. They contended that Tate's claims against them should be dismissed because neither was effectively served within the required time period. Tate responded that he was directed to use a work address for Dr. Scheidt and Erickson after his requests to obtain their home addresses were refused. Tate argued that he does not know the work schedules of Dr. Scheidt and Erickson, and the United States Marshals Service should have known that these parties must be personally served.

3

The State Defendants separately moved to dismiss Tate's claims against them on two grounds. (Dkt. 26.) First, they argued that they are protected by sovereign immunity under the Eleventh Amendment to the United States Constitution. Second, the State Defendants argued that Tate failed to state a claim on which relief can be granted.

On January 4, 2016, Tate moved to "delay or postpone" his lawsuit until his anticipated transfer to a DOC facility that would provide him access to more up-to-date legal resources. (Dkt. 32.) In addition, without addressing the merits, Tate summarily requested denial of the State Defendants' motion to dismiss and alleged that DOC housed him in a county jail with the intent to deny him access to adequate legal materials. Tate also sought a copy of his entire medical file. Magistrate Judge Keyes denied Tate's January 4, 2016 motion to the extent that it sought an order to compel the production of his medical file because Tate had not shown that he served a proper discovery request on any party or that any party failed to comply with a discovery request, nor had Tate identified the party from whom he sought this relief. The magistrate judge construed the remainder of Tate's January 4, 2016 motion as a motion to stay proceedings, and directed Defendants to respond.

Defendants opposed Tate's motion to stay proceedings. Regarding Tate's claim that he lacks access to legal materials, the State Defendants argued that DOC contracts with the Minnesota State Law Library to administer the Law Library Services to

Prisoners Program, which provides law library services by mail to DOC offenders housed at a non-DOC facility.[2]  Dr. Scheidt and Erickson advanced similar arguments.

On February 3, 2016, Tate filed a second motion to "postpone or delay" his lawsuit.  (Dkt. 42.)  In addition to repeating the arguments he made in support of his first motion to stay proceedings, Tate claimed that Defendants submitted false information to the Court about the extent of his law library access.  Tate also sought leave to amend the pleadings to add Mille Lacs County Jail as a defendant on the ground that the jail compromised his privacy by improperly handling his medical file.

Magistrate Judge Keyes addressed each of the foregoing motions in an April 1, 2016 R&R.  (Dkt. 47.)  The magistrate judge recommends (1) denying the motion to dismiss filed by Dr. Scheidt and Erickson, (2) granting the State Defendants' motion to dismiss, (3) denying Tate's motions to stay, and (4) denying Tate's motion for leave to amend the pleadings.  Tate, Dr. Scheidt, and Erickson filed timely objections to the R&R.  The merits of these objections are addressed below.

## ANALYSIS

After a party files and serves specific written objections to a magistrate judge's proposed findings and recommendations, LR 72.2(b)(1), the district court reviews de novo those portions of the R&R to which an objection is made, 28 U.S.C. § 636(b)(1) (2009).  When doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*; *accord* Fed.

---

[2]  The State Defendants also argued that an extension of the briefing schedule would adequately address Tate's concerns.  However, to date, Tate has not sought to extend any briefing schedule.

5

R. Civ. P. 72(b)(3); LR 72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the magistrate judge. LR 72.2(b)(3). Although a district judge is not *required* to review an R&R de novo if no objections are filed, the district court is not precluded from reviewing an R&R "*sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985) (observing that a "district judge has jurisdiction over the case at all times" and "retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment"); *accord Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 n.3 (8th Cir. 2015).

## I. Motion to Dismiss of Dr. Scheidt and Erickson

No party objects to the magistrate judge's recommendation to deny the motion to dismiss of Dr. Scheidt and Erickson. Nor does any party contest that Tate has demonstrated good cause for an extension of time for service. The record amply supports the magistrate judge's finding of good cause. Specifically, the record includes copies of the executed summonses for Dr. Scheidt and Erickson, which demonstrate that Tate provided the United States Marshals Service with names and work addresses for those defendants. The United States Marshals Service signed these summonses, thereby attesting that the summonses had been personally served on Chief Deputy Braiedy at the Kanabec County Jail on November 18, 2015. Thus, for the reasons addressed both in the R&R and herein, the Court adopts the magistrate judge's recommendation to deny the motion to dismiss of Dr. Scheidt and Erickson.

Dr. Scheidt and Erickson contend, however, that the magistrate judge erred by failing to specify a time by which Tate must complete service, which could unduly prejudice them. Rule 4(m), Fed. R. Civ. P., provides that when good cause is shown, a district court "must extend the time for service *for an appropriate period.*" (Emphasis added.) Consistent with this language, some courts have suggested that it may be prudent to impose a time limit on any extension granted under Federal Rule of Civil Procedure 4(m). *See Gerena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010); *accord Persons v. WDIO-TV*, No. 09-2884, 2010 WL 3521948, at *1 (D. Minn. Sept. 1, 2010). Imposing a time limit on the completion of service will provide certainty to the parties, avoid undue prejudice to Dr. Scheidt and Erickson, and impose no undue burden on Tate.

Accordingly, the Court modifies the magistrate judge's recommendation so as to provide Tate an extension of 30 days from the date of this Order both to complete a new Form USM-285 for Dr. Scheidt and Erickson and to effect service on Dr. Scheidt and Erickson. To ensure that Dr. Scheidt and Erickson are properly served, the Court hereby orders the United States Marshals Service to serve Dr. Scheidt and Erickson with a copy of the summons, Amended Complaint, and this Order. This service must fully comport with Rule 4 of the Federal Rules of Civil Procedure. The United States Marshals Service shall either *personally* serve Dr. Scheidt and Erickson using the information that Tate provides on Form USM-285, or identify and serve an individual who is authorized to accept service on their behalf.

## II. The State Defendants' Motion to Dismiss

Tate objects to the magistrate judge's recommendation to grant the State Defendants' motion to dismiss. Specifically, Tate asserts that his lawsuit is not against state workers, it is against DOC and "those responsible for [DOC] employees," such as Dooley, the warden. Tate also reiterates his allegations that Asperheim and Nummela are at fault for his injuries because they refused his requests to submit a safety bar work order, and that DOC is at fault for placing him in a top bunk and failing to approve the medical care he seeks. In light of Tate's objections, the Court reviews de novo whether dismissal of Tate's claims against the State Defendants is warranted.

### A. Eleventh Amendment Sovereign Immunity

The Eleventh Amendment to the United States Constitution bars a plaintiff from suing a state or its agencies in federal court absent consent or congressional abrogation of immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 64-65, 73-74 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The Eleventh Amendment also bars a plaintiff from suing a state official in his or her official capacity, except for certain claims seeking prospective injunctive relief. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 169 (1985); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). This exception for prospective injunctive relief applies to state officials sued in their official capacities, but it does not apply to states or state agencies. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). These principles of sovereign immunity present a threshold question as to this

Court's jurisdiction. *See Amerind Risk Mgmt. Corp. v. Malaterre*, 633 F.3d 680, 686 (8th Cir. 2011).

MCF-Moose Lake is operated by DOC, which is a subdivision of the State of Minnesota. Dooley, Asperheim, and Nummela are employees of MCF-Moose Lake. Tate has not alleged, and the record does not reflect, that the State Defendants' sovereign immunity has been either abrogated or waived by consent. And Tate's objections to the R&R present no legal or factual argument that would alter this Court's application of sovereign immunity to the State Defendants. Thus, this Court lacks jurisdiction over, and must dismiss, all of Tate's claims against DOC and MCF-Moose Lake. In addition, to the extent that Tate's Amended Complaint alleges any official-capacity claims against Dooley, Asperheim, or Nummela seeking anything other than prospective injunctive relief, this Court lacks jurisdiction and also must dismiss those claims.

### B. Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)

#### 1. Official-Capacity Claims

Because a plaintiff may sue state officials in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, *Monroe*, 495 F.3d at 594, to the extent that Tate's Amended Complaint seeks prospective injunctive relief against Dooley, Asperheim, or Nummela in their official capacities, the magistrate judge recommends *not* dismissing Tate's claims under the doctrine of sovereign immunity. Instead, the magistrate judge recommends granting the State Defendants' motion to dismiss these aspects of the Amended Complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

When determining whether a complaint states a claim on which relief may be granted, a district court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008); *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999). In doing so, the district court need not accept as true wholly conclusory allegations, *Hanten*, 183 F.3d at 805, or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). The factual allegations in the complaint need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level," and the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The complaint must give the defendants fair notice of what the claim is and the grounds on which it rests. *L.L. Nelson Enters., Inc. v. Cnty. of St. Louis, Mo.*, 673 F.3d 799, 805 (8th Cir. 2012). Although pro se complaints are liberally construed, they must allege sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As relevant to Tate's request for prospective injunctive relief, the Amended Complaint alleges that the State Defendants continue to deny him adequate medical care to address his pain, and he seeks an order directing the State Defendants to "[g]ive [him] the medical attention [he] need[s]." But nothing in the Amended Complaint plausibly indicates that Dooley, Asperheim, or Nummela are or will be responsible for any ongoing or future violation of Tate's federal rights concerning his medical treatment. The Amended Complaint contains no factual allegations regarding Dooley. And the only

factual allegations addressing Asperheim or Nummela relate exclusively to past conduct—their alleged failure in May 2015 to submit a work order to fix a safety bar on Tate's prison bunk at MCF-Moose Lake. Even when liberally construed, Tate's Amended Complaint fails to state a claim to prospective injunctive relief against Dooley, Asperheim, or Nummela that is plausible on its face. And none of Tate's objections alters the merits of this conclusion. Accordingly, all of Tate's official-capacity claims against Dooley, Asperheim, and Nummela must be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

### 2. Individual-Capacity Claims

The magistrate judge also concludes that any individual-capacity claims alleged against Dooley, Asperheim, or Nummela also fail to state a claim and, therefore, should be dismissed. Assuming, without deciding, that Tate has asserted individual-capacity claims against these defendants, this Court agrees that such claims must be dismissed for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

First, with respect to Dooley, a warden of a state prison facility is not subject to liability under 42 U.S.C. § 1983 for an alleged violation of a prisoner's federal constitutional rights based solely on her supervisory position. *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983); *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978). As Tate's Amended Complaint alleges no facts concerning Dooley or her personal involvement in any of the events described in the Amended Complaint, Tate's objections fail.

Second, the only factual allegations in Tate's Amended Complaint that pertain to Asperheim or Nummela concern the safety of Tate's prison bunk bed. These claims

invoke the deliberate-indifference standard, which applies to alleged violations of the Eighth Amendment to the United States Constitution. A prison official is deliberately indifferent when the official "knows of and disregards a substantial risk of serious harm to an inmate." *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (internal quotation marks omitted). A deliberate-indifference claim "requires proof of a reckless disregard of [a] known risk." *Id.*

Tate's Amended Complaint alleges that Asperheim and Nummela refused Tate's requests on two occasions to submit a work order concerning a defective safety bar on his top bunk bed. Accepting these allegations as true, as the Court must in this procedural posture, the allegations fail to create a plausible inference that either Asperheim or Nummela recklessly disregarded a known, substantial risk of serious harm. And the exhibits that Tate submitted with his original complaint fail to demonstrate either that he advised Asperheim or Nummela of a substantial risk of serious harm, or that they recklessly disregarded that risk. Rather, the exhibits establish that, before his fall, Tate's written grievances regarding his bunk bed related to his desire not to climb up to the top bunk because of knee pain. Those grievances did not pertain to a broken safety bar.

Therefore, any claim that Tate alleges against Dooley, Asperheim, or Nummela in their individual capacities must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.

### C. Supplemental Jurisdiction

Finally, as the magistrate judge recommends, this Court declines to retain supplemental jurisdiction over any state law negligence claims that Tate asserts against Asperheim or Nummela.

A federal district court may decline to exercise supplemental jurisdiction over a pendent state law claim when the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Although a federal district court may exercise supplemental jurisdiction, it should "exercise judicial restraint and avoid state law issues wherever possible." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). Several factors are germane to a district court's consideration of exercising supplemental jurisdiction. They include: (1) the stage at which the district court disposed of the federal law claims, (2) the difficulty of the state law claims, (3) the amount of judicial resources that the court has invested, (4) the amount of additional judicial resources necessary to resolve the state law claims, and (5) the availability of a state forum. *Marshall v. Green Giant Co.*, 942 F.2d 539, 549 (8th Cir. 1991). As the magistrate judge concluded, none of these factors warrants exercising supplemental jurisdiction over any remaining state law claims against Asperheim or Nummela. And Tate's objections do not alter the merit of this conclusion.

Accordingly, for the reasons addressed here and in the R&R, the Court overrules Tate's objections and adopts the magistrate judge's recommendation to grant the State Defendants' motion to dismiss.

**III.     Tate's Motions to Stay**

The magistrate judge recommends denying Tate's motions to stay for two reasons: first, Tate did not show a specific hardship or inequity that he would suffer absent a stay; and second, Defendants' competing interest in having this case proceed weighs heavily against granting a stay.  Tate objects on two grounds.  First, Tate argues that he cannot pursue his legal claims without access to his medical file.  Second, Tate argues that he should "have access to an up to date law library with up to date law books . . . in somewhat good condition."  He asserts that, until he is transferred to a DOC facility, his access is limited to outdated law books, including some books with missing pages or legal resources with missing volumes.

It is well-established that " 'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' "  *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  A district court has broad discretion to stay proceedings when doing so is appropriate to control its docket.  *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).  Matters relevant to the district court's determination of whether a stay is warranted include docket control, conserving judicial resources and facilitating the just determination of cases pending before the court.  *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964-65 (D. Minn. 1998).

Although a district court's discretion to stay proceedings is broad, " '[t]he proponent of a stay bears the burden of establishing its need.' " *Kreditverein der Bank Austria v. Nejezchleba*, 477 F.3d 942, 945 n.3 (8th Cir. 2007) (quoting *Clinton*, 520 U.S. at 708). Traditionally, this requires the proponent to demonstrate the specific hardship or inequity that would result if required to proceed. *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) (Beam, J., concurring) (citing *Landis*, 299 U.S. at 254-56). This heavy burden includes a presumption favoring the party opposing a stay. *Id.* at 1365. Because a stay has the potential to damage the party opposing the stay, a district court's discretionary power to stay proceedings should be exercised in moderation. *See Landis*, 299 U.S. at 255; *Jones*, 72 F.3d at 1363-64; *Bae Sys. Land & Armaments L.P. v. Ibis Tek, LLC*, 124 F. Supp. 3d 878, 890 (D. Minn. 2015).

Tate contends that he cannot pursue his legal claims without access to his medical file. But Tate has not shown that he has served a proper discovery request on a party that has refused to comply. Because Tate may utilize the discovery process to seek documents from Defendants, Tate's objections regarding his access to his medical files do not demonstrate a specific hardship that he would suffer absent a stay.

Tate also argues that, absent a stay, he lacks access to adequate legal resources. An inmate's constitutional right of access to the courts includes access to "adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, this is not "an abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some

15

theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Moreover, prison authorities are not obligated to provide inmates with every possible means of legal assistance for every conceivable civil claim an inmate seeks to advance. *Kelsey v. Minnesota*, 622 F.2d 956, 958 & n.2 (8th Cir. 1980).

An inmate alleging that meaningful access to the courts has been denied must prove that the alleged shortcomings in the library caused an "actual injury" by demonstrating that a "nonfrivolous and arguably meritorious underlying legal claim" was frustrated or impeded. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (citing *Lewis*, 518 U.S. at 353). Alleging a theoretical inadequacy is not sufficient. *Lewis*, 518 U.S. at 351. Rather, an inmate must show a causal connection between a library inadequacy and an actual injury. *See Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007). Absent an explanation demonstrating how the alleged library inadequacy either prevented the inmate from filing an arguably meritorious legal claim or caused an arguably meritorious claim to be dismissed as deficient, the inmate's "alleged injuries are merely speculative." *Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008).

Tate alleges that the Kanabec County Jail has only outdated and incomplete law books. But Tate provides no evidence to support these bare assertions, and he identifies no particular resource that has been denied to him. In contrast, the State Defendants have proffered evidence that the Law Library Services to Prisoners Program ("LLSP Program") provides law library services to DOC offenders housed in county jails and have included the contact information that Tate may use to request legal materials from the Minnesota State Law Library.

Tate neither denies that the LLSP Program is available to him, nor alleges that the resources available through the LLSP Program are deficient. The only deficiency that Tate alleges with respect to the LLSP Program is the three- to four-week period it takes to obtain the requested materials. But Tate has not articulated how this type of access has either prevented him from filing an arguably meritorious claim or caused an arguably meritorious claim to be dismissed as deficient. *See Lewis*, 518 U.S. at 351; *Hartsfield*, 511 F.3d at 833. As such, Tate has not demonstrated a causal connection between an "actual injury" and the three- to four-week period it allegedly takes for him to obtain legal materials through the LLSP Program. Tate's objections regarding the adequacy of his access to legal materials do not demonstrate a specific hardship that he would suffer absent a stay.

In sum, Tate has not satisfied his burden to establish a specific hardship or inequity that he will suffer if this case is not stayed. Moreover, Tate has not addressed how Defendants would not be prejudiced by a stay. Accordingly, for the reasons addressed in the R&R and herein, the Court overrules Tate's objections and adopts the magistrate judge's recommendation to deny Tate's motions to stay.

### IV. Tate's Motion for Leave to Amend the Pleadings

The magistrate judge recommends denying Tate's motion for leave to amend the pleadings to assert a claim against Mille Lacs County Jail. It is well-established that county departments, including county jails, are not legal entities subject to suit. *See Flores v. United States*, 689 F.3d 894, 899 n.4 (8th Cir. 2012); *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x

436, 1 (8th Cir. 2001). Tate seeks to add as a defendant Mille Lacs County Jail, which is not amenable to suit. Granting leave to amend Tate's Amended Complaint, therefore, would be futile. *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (explaining that "[d]enial of a motion to amend as futile is appropriate if the proposed amended complaint cannot survive a motion to dismiss for failure to state a claim" (citing *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007)).

Accordingly, the Court adopts the magistrate judge's recommendation to deny Tate's motion for leave to amend the pleadings.

### V.   Tate's September 8, 2015 Motion

On September 8, 2015, the same day he filed his Amended Complaint, Tate moved to obtain the same relief he seeks in his Amended Complaint—namely, an order directing Defendants to provide him medical care and to pay damages for his pain and suffering. (Dkt. 7.) As such, Tate's September 8, 2015 motion is functionally a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). But a motion for judgment on the pleadings may be filed only after the pleadings are closed. *See* Fed. R. Civ. P. 12(c); *Moubry v. Indep. Sch. Dist. No. 696 (Ely)*, 951 F. Supp. 867, 894 n.23 (D. Minn. 1996). As addressed above in Part II, the claims against the State Defendants are dismissed by operation of this Order and the remaining defendants have not been served. As a result, Tate's September 8, 2015 motion is moot with respect to the State Defendants and premature with respect to Dr. Scheidt and Erickson. *See Moubry*, 951 F. Supp. at 894 n.23. For these reasons, the Court denies Tate's September 8, 2015

18

motion as moot with respect to the State Defendants, and without prejudice with respect to Dr. Scheidt and Erickson.

## ORDER

Based on the foregoing analysis, the Report and Recommendation of the magistrate judge, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Magistrate Judge Keyes's Report and Recommendation, (Dkt. 47), is **ADOPTED AS MODIFIED**.

2. The motion to dismiss of Dr. Scheidt and Erickson for insufficient service of process, (Dkt. 19), is **DENIED**. Tate has 30 days from the date of this Order both to complete a new Form USM-285 for Dr. Scheidt and Erickson and to effect service on Dr. Scheidt and Erickson. The United States Marshals Service shall serve Dr. Scheidt and Erickson with a copy of the summons, Amended Complaint, and this Order. This service must fully comport with Rule 4 of the Federal Rules of Civil Procedure. The United States Marshals Service shall either *personally* serve Dr. Scheidt and Erickson using the information that Tate provides on Form USM-285, or identify and serve a person who is authorized to accept service on their behalf.

3. The State Defendants' motion to dismiss, (Dkt. 26), is **GRANTED**.

4. Tate's motions to stay, (Dkt. 32, 42), are **DENIED**.

5. Tate's motion for leave to amend the pleadings, (Dkt. 41, 42), is **DENIED**.

6. Tate's September 8, 2015 motion, (Dkt. 7), is **DENIED** as moot with respect to the State Defendants, and **DENIED WITHOUT PREJUDICE** with respect to Dr. Scheidt and Erickson.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 27, 2016                    s/Wilhelmina M. Wright
                                                                                   Wilhelmina M. Wright
                                                                                   United States District Judge